TOMAS C. LEON
(CA SBN 321117)
tommie@leon.law
(909) 616-5969
LEON LAW, LLP
1145 W. 55TH Street
Los Angeles, CA 90037
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS HOLISTIC, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HEADQUARTERS SMOKE d/b/a HEADQUARTERS SMOKE and JOHN DOE,<br><br>Defendant. | No.  2:23-cv-01951<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** |

The Plaintiff, GS HOLISTIC, LLC (hereinafter referred to as "GS"), by and through its undersigned counsel, hereby files this, its Complaint against the Defendants, HEADQUARTERS SMOKE d/b/a HEADQUARTERS SMOKE and JOHN DOE, and alleges, as follows:

**Jurisdictional Allegations**

1. This is a civil action against the Defendants for trademark infringement, counterfeiting, and false designation of origin and unfair competition, under the Lanham Act (15 U.S.C. § 1051 *et. seq.*).

2. This Court has subject matter jurisdiction over the claims in this action that relate to trademark infringement, counterfeiting, and false designation of origin and unfair competition

1

pursuant to the provisions of 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over the Defendants because HEADQUARTERS SMOKE d/b/a HEADQUARTERS SMOKE is incorporated in and has its principal place of business in California. The JOHN DOE resides in California, and the Defendants regularly conduct and solicit business in the State of California (including in this Judicial District).

**Venue**

4. Venue is proper in this district under 28 U.S.C. § 1391(b) in that the Defendants reside in this district, a substantial part of the events or omissions giving rise to the claim occurred in this district, and the Defendants are subject to personal jurisdiction in this Judicial District with respect to this action, and there is no other district in which the action may otherwise be brought.

**Parties**

5. GS HOLISTIC, LLC is a Delaware Limited Liability Corporation that has its principal place of business at 7162 Beverly Boulevard, #207, Los Angeles, California 90036. GS is the registered owner of the Stündenglass trademarks.

6. HEADQUARTERS SMOKE d/b/a HEADQUARTERS SMOKE (hereinafter referred to as "HEADQUARTERS SMOKE") is a company/corporation that is incorporated in California, and has its principal place of business at 23433 S Western Ave, Torrance, CA 90501. HEADQUARTERS SMOKE has engaged in the unlawful manufacture, retail sale, and/or wholesale sales of counterfeit Stündenglass glass infusers.

7. At all times material to this Complaint, JOHN DOE owned, managed, and/or operated HEADQUARTERS SMOKE, and regularly exercised the authority to purchase products for resale, decide which products HEADQUARTERS SMOKE offered for sale, to hire and fire employees, and controlled the finances and operations of HEADQUARTERS SMOKE.

**Facts Common to All Counts**

2

A. <u>The History of The Stündenglass Brand</u>.

8. Since 2020, GS has marketed and sold products using the well-known trademark "Stündenglass." The Stündenglass branded products, such as glass infusers and accessories related thereto, are widely recognized nationally and internationally. Indeed, the Stündenglass brand is one of the leading companies in the industry, known for high quality and innovation of products.

9. For approximately two years, GS has worked to distinguish the Stündenglass brand as the premier manufacturer of glass infusers by emphasizing the brand's unwavering use of quality materials and focusing on scientific principles which facilitate a superior smoking experience. Stündenglass branded products embody a painstaking attention to detail, which is evident in many facets of authentic Stündenglass branded products. It is precisely because of the unyielding quest for quality and unsurpassed innovation that Stündenglass branded products have a significant following and appreciation amongst consumers in the United States and internationally.

10. As a result of the continuous and extensive use of the trademark "STÜNDENGLASS," GS was granted both valid and subsisting federal statutory and common law rights to the Stündenglass trademark.

11. GS is the rightful owner of United States trademarks, which are registered on the Principal Register and have become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. The following is a list of GS's federally registered trademarks:

    a. U.S. Trademark Registration Number 6,633,884 for the standard character mark "Stündenglass" in association with goods further identified in registration in international class 011.

    b. U.S. Trademark Registration Number 6,174,292 for the design plus words mark "S" and its logo in association with goods further identified in the registration in international class 034.

    c. U.S. Trademark Registration Number 6,174,291 for the standard character mark "Stündenglass" in association with goods further identified in registration in

international class 034.

12. The above U.S. registrations are valid, subsisting and in full force and effect.

The Stündenglass Brand in the United States.

13. GS has used the Stündenglass Marks in commerce throughout the United States, continuously, since 2020, in connection with the manufacturing of glass infusers and accessories.

14. The Stündenglass Marks are distinctive to both the consuming public and the Plaintiff's trade. GS's Stündenglass branded products are made from superior materials. The superiority of Stündenglass branded products is not only readily apparent to consumers, but to industry professionals as well.

15. The Stündenglass Trademarks are exclusive to GS and appear clearly on GS's Stündenglass Products, as well as on the packaging and advertisements related to the products. GS has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting and protecting these Trademarks. As a result, products bearing GS's Stündenglass Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from GS.

16. GS's Stündenglass Products have become some of the most popular of their kind in the world and have also been the subject of extensive unsolicited publicity resulting from their high-quality and innovative designs. Because of these and other factors, the GS brand, the Stündenglass brand, and GS's Stündenglass Trademarks are famous throughout the United States.

17. Since 2020, GS has worked to build significant goodwill in the Stündenglass brand in the United States. GS has spent substantial time, money, and effort in developing consumer recognition and awareness of the Stündenglass brand, via point of purchase materials, displays, through their websites, attending industry trade shows, and through social media promotion.

18. In fact, the Stündenglass Products have been praised and recognized by numerous

online publications, as well as publications directed to the general public.

19. Due to the high quality of the brand and products, GS has collaborated with numerous celebrities and companies to create collaborations for the Stündenglass products.

20. GS sells its products under the Stündenglass Marks to authorized stores in the United States, including in California. GS has approximately 3,000 authorized stores in the United States selling its products. As such, Stündenglass branded products reach a vast array of consumers throughout the country.

21. It is because of the recognized quality and innovation associated with the Stündenglass Marks that consumers are willing to pay higher prices for genuine Stündenglass products. For example, a Stündenglass brand glass infuser is priced at $599.95, while a non-Stündenglass branded product is also being sold for up to $600, with a range of $199 to $600.

22. It is exactly because of their higher sales value that Stündenglass branded products are targeted by counterfeiters. These unscrupulous people and entities tarnish the Stündenglass brand by unlawfully selling glass infusers that have identical, or nearly identical, versions of the Stündenglass Marks affixed to products that are made with inferior materials and technology, thereby leading to significant illegitimate profits by store owners, such as JOHN DOE.

23. In essence, JOHN DOE misleads consumers by selling in their stores low grade products that free ride on the goodwill of the Stündenglass brand, and in turn, JOHN DOE reaps substantial ill-gotten profits. JOHN DOE's conduct contributes to the complete flooding of the marketplace with counterfeit products, which results in lost sales and damages to GS and irreparable harm to the Stündenglass brand's image.

24. Unfortunately, the current U.S. marketplace is saturated with counterfeit products – like those JOHN DOE through his store, HEADQUARTERS SMOKE, has sold. As such, GS has been forced to scrupulously enforce its rights in order to protect the Stündenglass Marks against

infringement. By exercising its Enforcement Rights, GS has proactively and successfully policed the unauthorized use of the Stündenglass Marks and/or counterfeit Stündenglass branded products nationwide. GS has had to bear great expense to seek out and investigate suspected counterfeiters in their attempt to clean up the marketplace.

**Defendants' Counterfeiting and Infringing Activities**

25. The Defendants have, without consent of GS, previously offered to sell and sold within the United States commerce, glass infusers bearing reproductions, counterfeits, copies and/or colorable imitations of the Stündenglass Trademarks that were not made or authorized by GS. (Hereinafter the "Counterfeit Goods").

26. Nevertheless, the Defendants sold in commerce the Counterfeit Good using reproductions, counterfeits, copies and/or colorable imitations of one or more of the Stündenglass Marks. Specifically, the Defendants sold reproductions, counterfeits, copies, and/or colorable imitations of the Stündenglass Trademarks (hereinafter the "Infringing Marks"), detailed above.

27. The Defendants have, without the consent of GS, continued to sell the Counterfeit Goods bearing the Infringing Marks, bearing the likeness of the Stündenglass Trademarks in the United States.

28. The marks affixed to the Counterfeit Goods that the Defendants have offered for sale are spurious marks which are identical with, or substantially indistinguishable from, the Stündenglass Trademarks. The marks on the Counterfeit Goods are in fact counterfeit marks as defined in 15 U.S.C. § 1116(d).

29. In the ongoing investigation into the sales of counterfeit products bearing the Stündenglass Marks, on May 4, 2022, the HEADQUARTERS SMOKE offered for sale Counterfeit Goods.

30. Specifically, GS's investigator purchased a Glass Infuser with a Stündenglass Mark

affixed to it, from HEADQUARTERS SMOKE, for a cost of $205.00, charged to the account of GS's investigator.

31. Upon receipt, images and/or the physical unit of the product purchased from HEADQUARTERS SMOKE were inspected by GS's agent to determine its authenticity. The inspection of the purchased item confirmed that the Glass Infuser HEADQUARTERS SMOKE sold to GS's investigator was a Counterfeit Good with an Infringing Mark affixed to it.

32. JOHN DOE authorized, directed, and/or participated in HEADQUARTERS SMOKE's offer for sale, in commerce, of the Counterfeit Goods. JOHN DOE's acts were a moving, active, and/or conscious force behind HEADQUARTERS SMOKE's infringement of the Stündenglass Trademarks.

33. The Defendants' use of the counterfeit Stündenglass Trademarks began long after the registration of the Stündenglass Trademarks. GS nor any of its authorized agents have consented to the Defendants' use of the Stündenglass Trademarks, or any use of reproductions, counterfeits, copies and/or colorable imitations thereof.

34. The unauthorized sale by HEADQUARTERS SMOKE, under the authority, direction and/or participation of JOHN DOE, of the Counterfeit Good(s) was an unlawful act in violation of the Lanham Act.

35. The offer for sale by the Defendants of the Counterfeit Good(s) bearing GS's Trademarks has caused GS to suffer losses and has caused damage to the goodwill and reputation associated with the Stündenglass Trademarks, which are owned by GS.

36. HEADQUARTERS SMOKE's use of the Stündenglass Marks includes displaying, selling, and/or offering for sale unauthorized copies of Stündenglass branded products. HEADQUARTERS SMOKE's offering to sell, and the sale of the Stündenglass counterfeit

products, bearing the Infringing Mark in this manner, was, and is, likely to cause confusion or to cause mistake and/or deceive consumers who purchase the Counterfeit Goods.

37. HEADQUARTERS SMOKE used images and names identical to or confusingly similar to the Stündenglass Marks, to confuse customers and aid in the promotion and sales of Counterfeit Goods under the Infringing Mark.

38. The Infringing Mark affixed to the Counterfeit Goods that HEADQUARTERS SMOKE has distributed, provided, marketed, advertised, promoted, offered for sale, and/or sold, is confusingly identical or similar to the Stündenglass Marks that GS affixes to its glass infusers.

39. The glass infusers that HEADQUARTERS SMOKE sells and offers for sale under the Infringing Mark are made of substantially inferior materials and inferior technology as compared to genuine Stündenglass brand products.

40. HEADQUARTERS SMOKE has distributed, provided, marketed, advertised, promoted, offered for sale, and sold its water pipes under the Infringing Mark through its retail convenience store.

41. Upon information and belief, HEADQUARTERS SMOKE has marketed, advertised, and promoted its Counterfeit Goods under the Infringing Mark through point of purchase displays, and/or its website, and/or via social media promotion.

42. HEADQUARTERS SMOKE and JOHN DOE's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Counterfeit Goods sold by HEADQUARTERS SMOKE, and are likely to deceive, and have deceived, the relevant consuming public into mistakenly believing that the Counterfeit Goods sold by HEADQUARTERS SMOKE originate from, are associated or affiliated with, or otherwise authorized by GS.

43. HEADQUARTERS SMOKE and JOHN DOE's acts are willful with the deliberate

intent to trade on the goodwill of the Stündenglass Marks, cause confusion and deception in the marketplace, and divert potential sales of the Plaintiff's glass infusers to HEADQUARTERS SMOKE.

44. HEADQUARTERS SMOKE and JOHN DOE's acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to GS, the Stündenglass Marks, and to its valuable reputation and goodwill with the consuming public for which GS has no adequate remedy at law.

45. As a proximate result of the unfair advantage accruing to JOHN DOE and HEADQUARTERS SMOKE's business from deceptively trading on GS's advertising, sales, and consumer recognition, JOHN DOE and HEADQUARTERS SMOKE has made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

46. The injuries and damages sustained by GS has been directly and proximately caused by HEADQUARTERS SMOKE and JOHN DOE's wrongful advertisement, promotion, distribution, sale and offers for sale of their goods bearing infringements or counterfeits of the Stündenglass Marks.

47. Through such business activities, JOHN DOE and HEADQUARTERS SMOKE purposefully derived direct benefits from its interstate commerce activities by targeting foreseeable purchasers in the State of California, and in doing so, have knowingly harmed GS.

48. Furthermore, the sale and distribution of Counterfeit Goods by HEADQUARTERS SMOKE has infringed upon the above-identified federally registered trademarks.

49. The spurious marks or designations used by HEADQUARTERS SMOKE in interstate commerce are identical with, or substantially indistinguishable from, the Stündenglass Marks on goods covered by the Stündenglass Marks. Such use therefore creates a false affiliation between HEADQUARTERS SMOKE, GS, and the Stündenglass Marks.

50. Due to the actions of JOHN DOE and HEADQUARTERS SMOKE, GS has been forced to retain the undersigned counsel and pay the costs of bringing an action forward. The JOHN DOE and HEADQUARTERS SMOKE should be responsible for paying GS's reasonable costs of the action.

51. JOHN DOE and HEADQUARTERS SMOKE's acts have damaged, and will continue to damage GS, and GS has no adequate remedy at law.

52. Moreover, HEADQUARTERS SMOKE and JOHN DOE's wrongful acts will continue unless enjoined by the Court. Accordingly, JOHN DOE and HEADQUARTERS SMOKE must be restrained and enjoined from any further counterfeiting or infringement of the Stündenglass Marks.

**Count One**
**Federal Trademark Counterfeiting and Infringement, 15 U.S.C. § 1114**

53. The Plaintiff avers Paragraphs 1 through 52, which are stated above and incorporate the allegations therein, as though they are fully restated and incorporated in this Count by reference.

54. GS owns the federally registered Stündenglass Trademarks, as set forth in more detail in the foregoing paragraphs.

55. The Defendants, without authorization from GS, have used in commerce spurious designations that are identical with, or substantially indistinguishable from, the Stündenglass Trademarks on the same goods covered by the Stündenglass Trademarks.

56. The Defendants' unauthorized use of counterfeit marks of the registered Stündenglass Trademarks on and in connection with the Defendants' offer(s) for sale in commerce is likely to cause confusion or mistake in the minds of the public.

57. The Defendants' conduct as alleged herein is willful and intended to cause confusion, mistake, or deception as to the affiliation, connection, or association of the Defendants, with GS or the Stündenglass Trademarks.

58. The Defendants' acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

59. The Defendants' actions constitute the use by the Defendants of one or more "counterfeit mark(s)" as defined in 15 U.S.C. § 1116(d)(1)(B).

60. The Defendants' use in commerce of the counterfeit Stündenglass Trademarks has resulted in lost profits and business to GS, which are difficult to determine. The Defendants have also, by selling counterfeit Stündenglass products, caused considerable damage to the goodwill of the Stündenglass Trademarks, and diminished the brand recognition of the Stündenglass Trademarks by introducing counterfeit products into the marketplace.

61. By reason of the foregoing, the Plaintiff is entitled to, among other relief, injunctive relief, an award of statutory damages, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

WHEREFORE, the Plaintiff, GS HOLISTIC, LLC, respectfully requests that this Court find in favor of the Plaintiff and against the Defendant jointly and severally for the OWNER, and other officers, and directors, for the knowing participation in the counterfeiting activities of HEADQUARTERS SMOKE, awarding the Plaintiff statutory damages pursuant to 15 U.S.C. § 1117, treble damages pursuant to 15 U.S.C. § 1117(b), the costs of suit, and any further relief that this Court may deem just and proper.

**Count Two**
**Federal False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a)**

62. The Plaintiff avers Paragraphs 1 through 52, which are stated above and incorporate the allegations therein, as though they are fully restated and incorporated in this Count by reference.

63. GS owns the federally registered Stündenglass Trademarks, as set forth in more detail in the foregoing paragraphs.

64. The Defendants, without authorization from GS, has used in commerce spurious

11

designations that are identical with, or substantially indistinguishable from, the Stündenglass Trademarks on the same goods covered by the Stündenglass Trademarks.

65. The Defendants' unauthorized use of counterfeit marks of the registered Stündenglass Trademarks on and in connection with the Defendants' offers for sale in commerce is likely to cause confusion or mistake in the minds of the public.

66. The Defendants' unauthorized use in commerce of the Stündenglass Trademarks as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

67. The Defendants' conduct as alleged herein is willful and is intended to, and is likely to, cause confusion, mistake, or deception as to the affiliation, connection, or association of the Defendants, with GS or the Stündenglass Trademarks.

68. The Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to GS, and to the goodwill and reputation of the Stündenglass Trademarks. Moreover, it will continue to cause damage GS and confuse the public unless enjoined by this Court.

69. GS has no adequate remedy at law.

70. By reason of the foregoing, the Plaintiff is entitled to, among other relief, injunctive relief, an award of statutory damages, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

WHEREFORE, the Plaintiff, GS HOLISTIC, LLC, respectfully requests that this Court find in favor of the Plaintiff and against the Defendant jointly and severally for the OWNER, and other officers, and directors, for the knowing participation in the counterfeiting activities of HEADQUARTERS SMOKE, awarding the Plaintiff statutory damages pursuant to 15 U.S.C. § 1117, treble damages pursuant to 15 U.S.C. § 1117(b), the costs of suit, and any further relief that

this Court may deem just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, GS HOLISTIC, LLC, respectfully requests the following relief against the Defendants, as follows:

1. With regard to Plaintiff's Count I for trademark infringement:

    a. Statutory damages under 15 U.S.C. § 1117;

    b. Treble damages under 15 U.S.C. § 1117(b);

    c. Costs of suit; and

    d. Joint and several liability for JOHN DOE, and other officers, and directors, for the knowing participation in the counterfeiting activities of HEADQUARTERS SMOKE.

2. With regard to Plaintiff's Count II for false designation and unfair competition:

    a. Statutory damages under 15 U.S.C. § 1117;

    b. Treble damages under 15 U.S.C. § 1117(b);

    c. Costs of suit; and

    d. Joint and several liability for JOHN DOE, and other officers, and directors, for the knowing participation in the counterfeiting activities of HEADQUARTERS SMOKE.

3. Preliminarily and permanently enjoining HEADQUARTERS SMOKE and its agents, employees, officers, directors, owners, representatives, successor companies, related companies, and all persons acting in concert or participation with it from:

    a. The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment licensing, development, display, delivery, marketing,

advertising or promotion of the counterfeit Stündenglass product identified in the Complaint and any other unauthorized Stündenglass product, counterfeit, copy or colorful imitation thereof;

4. Pursuant to 15 U.S.C. § 1116(a), directing HEADQUARTERS SMOKE to file with the Court and serve on the Plaintiff's within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which HEADQUARTERS SMOKE has complied with the injunction;

5. For an order from the Court requiring that the Defendants provide complete accountings and for equitable relief, including that the Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and/or pay restitution, including the amount of monies that should have been paid if the Defendants had complied with their legal obligations, or as equity requires;

6. For an order from the Court that an asset freeze or constructive trust be imposed on all monies and profits in the HEADQUARTERS SMOKE's possession, which rightfully belong to the Plaintiff;

7. Pursuant to 15 U.S.C. § 1118 requiring that the Defendants and all others acting under the Defendants' authority, at its cost, be required to deliver up to the Plaintiff for destruction all products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody or control bearing any of the Stündenglass Trademarks.

8. For any other and further relief as the Court may deem just and equitable.

Date: March 15, 2023

Respectfully Submitted,

/s/ *Tomas Carlos Leon.*

Tomas Carlos Leon
CA Bar #321117

Leon Law LLP
1145 W. 55th Street
Los Angeles, California 90037
tommie@leon.law

*Attorneys for the Plaintiff*